```
FAUGNO & ASSOCIATES, LLC
125 State Street
Suite 101
Hackensack, NJ 07601
(201) 342-1969
Attorneys for Defendant
```

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 NOV 28   P 12:51

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------
Mark Van
                Plaintiffs,
           vs.


Borough of North Haledon,
Chief Joseph Ferrante,
Lte. Todd Darby, Det. David Parenta,
John Doe 1 (individual holding a
political position in the
Township of North Haledon who
participated in, was knowledgeable
of, or otherwise conspired with the
defendants to harass and otherwise
violate the civil rights of
Mark Van) John Doe 2, John Doe 3,
(Police Officers within the Township
of North Haledon was knowledgeable
of, or otherwise conspired with the
defendants to harass and otherwise
violate the civil rights of
Mark Van); John Doe 4, John Doe 5
(Officers within another unknown
Police Department who participated in,
were knowledgeable of, or
otherwise conspired with the defendants
to harass and otherwise violate the
civil rights of Mark Van)

                Defendants,
---------------------------------

CIVIL ACTION No:

05-5595(JLL)

**COMPLAINT** with
**Jury Demand**

Plaintiff, Mark Van, residing at 257 Glenwood Drive, in the Borough of North Haledon, County of Passaic, State of New Jersey by way complaint against the defendants says:

**INTRODUCTION**

This is an action for money damages brought pursuant to 42 U.S.C. 1983 and the various amendments to the United States Constitution, and under the Common Law of the State of New Jersey against parties listed above in their individual capacities and in their official capacities, and against the Borough of North Haledon, and based upon 28 U.S.C. 1331 and 1343 and on the pendent jurisdiction of this court to entertain claims arising under the State Law.

**PARTIES**

1. Plaintiff, Mark Van, was at all time a resident of Borough of North Haledon, County of Passaic, State of New Jersey and of full age. He was initially employed as a police officer in the Borough of North Haledon and then ultimately in the Township of Harrington Park, County of Bergen, State of New Jersey.

2. Defendant, Borough of North Haledon, during all relevant time frames was the employer of Mark Van, when he was a police officer with the Borough of North Haledon. During other relevant time frames the Borough of North Haledon was the employer of various other defendants cited in this complaint.

3. Defendant, Joseph Ferrante, was the Chief of Police of the

Borough of North Haledon during all relevant time frames.

4. Defendant, Todd Darby, was employed as a police officer in the Borough of North Haledon during all relevant time frames.

5. Defendant, David Parenta, was employed as a police officer in the Borough of North Haledon during all relevant time frames.

6. Defendant, John Doe 1, was an individual holding a political position in the Township of North Haledon who both individually and in their official capacity participated in, and was knowledgeable of, or otherwise participated in wrongful actions against Mark Van including violation of his civil rights.

7. Defendant, John Doe 2, was a police officer within the Township of North Haledon who both individually and in their official capacity participated in, and was knowledgeable of, and otherwise participated in wrongful actions against Mark Van including violation of his civil rights.

8. Defendant, John Doe 3, was a police officer within the Township of North Haledon who both individually and in their official capacity participated in, and was knowledgeable of, and otherwise participated in wrongful actions against Mark Van including violation of his civil rights.

9. Defendant, John Doe 4, was a police officer within another municipality who both individually and in their official capacity participated in, and was knowledgeable of, and otherwise participated in wrongful actions against Mark Van including violation of his civil rights.

10. Defendant, John Doe 5, was a police officer within another municipality who both individually and in their official capacity participated in, and was knowledgeable of, and otherwise participated in wrongful actions against Mark Van including violation of his civil rights.

### FACTS

11. On or about April 21, 1999 Mark Van was hired by the Borough of North Haledon as a police officer. From April 21, 1999 through July 28, 2000, Mark Van continued to be employed by the Borough of North Haledon and performed his duties in a highly competent fashion. During the same time frame, however, various other officers within the Township of North Haledon came under the scrutiny of both the Federal Bureau of Investigation and the Prosecutors office, and the entire Borough of North Haledon Police Department was under great scrutiny.

12. On July 28, 2000 Mark Van during the scope of his police duties became engaged in pursuit of a stolen car. This pursuit continued into another jurisdiction. At this time and place Mr. Mark Van encountered several agents, servants and employees of the Borough of Hawthorne engaging in what he considered to be improper conduct regarding the alleged perpetrator. As part of his normal course of duties, Mark Van prepared reports regarding this incident. The reports which he prepared were not consistent and differed from reports prepared by agents, servants and employees of the Borough of Hawthorne. At this point, defendant,

Joseph Ferrante, then Chief of Police began to exert various pressures upon Mr. Van to create a report which reflected continuity with the reports prepared by the agents, servants, and employees of the Borough of Hawthorne.

13. Defendant, Chief Ferrante, at that time was instrumental in bringing about disciplinary charges against Mr. Van because of his refusal to as he referred to it "play ball with him". Under advise of counsel Mr. Van tendered his resignation. The resignation was accomplished through the drafting of an agreement between the Borough of North Haledon and Mark Van in which the Borough, and its agents, servants and employees agreed not to provide any negative information to any potential future employer of Mr. Mark Van.

14. After Mr. Mark Van's resignation from the Borough of North Haledon on December of 2000 and through November 2004 he made numerous efforts to obtain employment as a police officer but was unable to do so. Upon information and belief, Mark Van was not hired by any other municipalities because of defamatory and slanderous information disseminated by defendant, Joseph Ferrante, and other defendants acting within their scope of employment with the Borough of North Haledon. Ultimately, on November 8, 2004 Mr. Mark Van was hired by the Borough of Harrington Park Police Department. On or about November 24, 2004 Mr. Mark Van observed defendants, Lte. Todd Darby and Det. David Parenta entering into the parking lot of the Borough of

5

Harrington Park Police Department. When Mark Van observed these two North Haledon Police Officers in the parking lot, he approached them and inquired as to why they were there. At that time and place, Mr. Van was apprized by these two officers, who were in their uniforms and on duty, that they were conducting an investigation regarding Mark Van himself. They further advised that they were there at the directions of defendant Joseph Ferrante as the Chief of Police. Mr. Van was advised that the investigation was related to an allegation that Mr. Van was in a New York City nightclub on November 22, 2004 and in an attempt to exculpate himself from a physical altercation that occurred in the club, that he had displayed a North Haledon Police Badge bearing the name of "Mark Van". Mr. Mark Van immediately denied these allegations and advised these officers that he was never in New York City on the night in question. The defendant, Darby and Parenta made it clear during this conversation that they were acting in their official capacities and that they were there at the direction of the Chief of Police, given this ongoing investigation. Subsequent thereto an anonymous letter was forwarded to the Mayor of Harrington Park and various other officials, which contained various false information regarding Mr. Van, and also disclosing the prior disciplinary charges against him in the Borough of North Haledon. This letter was received by the Chief of Harrington Park in very close time proximity to Mr. Van being apprized by the two the two North

Haledon police officers that an investigation was ongoing into his activities.

15. As a consequence of the investigation, and the anonymous letter, the Township of Harrington Park was compelled to initiate an Internal Affairs investigation into Mr. Mark Van to ascertain the truth of the allegations contained in the investigation initiated by Borough of North Haledon through its agents, servants and employees, defendant, Joseph Ferrante, Todd Darby and David Parenta.

16. The Internal Affairs investigation determined that there was no credible evidence establishing any wrongful conduct on the part of Mark Van. Despite the same, Mark Van's image within the Township of Harrington Park Police Department was irreparably tarnished.

17. Ultimately, on May 23, 2005 Mr. Mark Van was terminated from the Borough of Harrington Park Police Department.

18. Based upon information and belief, the investigation that was initiated and the purported criminal actions of Mr. Van by using a North Haledon badge had no basis in fact and was fabricated for the sole purpose of maliciously damaging Mr. Van's reputation as police officer with the object of precluding him from being employed as a police officer.

19. During all time frames, defendants Joseph Ferrante, Todd Darby and David Parenta, Borough of North Haledon and various the John Doe defendants, were acting under the color of law while

committing these wrongful actions.

**FIRST COUNT**

1. The plaintiff, Mark Van, realleges the allegations contained in the factual background as if set forth at length herein.

2. During all relevant time frames, plaintiff, Mark Van, had a constitutionally protected and legitimate due process right to pursue his chosen occupation, being a police officer.

3. During all relevant time frames, Borough of North Haledon, Chief Joseph Ferrante, North Haledon Police Department, Lte. Todd Darby, Det. David Parenta, John Doe 1 (individual holding a political position in the Township of North Haledon who participated in, knowledgeable of, otherwise conspired with the defendant to harass and otherwise violated the civil rights of Mark Van) John Doe 2, John Doe 3, Police Officers within the Township of North Haledon who participated in, was knowledgeable of, and otherwise harassed and/or conspired against Mark Van) John Doe 4, John Doe 5 (within the Township of Harrington Park Police Department who participated in, were knowledgeable of, and otherwise harassed and/or conspired against Mark Van) engaged in a pattern of conduct, which was specifically calculated towards interfering and ultimately depriving Mr. Van of the opportunity of pursuing his career as a police officer. These actions included, but were not limited to, while acting under the color of law advising both Mr. Van and the Borough Harrington Police Department that a criminal investigation had been initiated into

the actions of Mr. Van. When these allegations were made, all of the defendants were fully knowledgeable that no underlying facts would justify said investigation. In essence, the investigation was orchestrated for no other purpose than damaging Mr. Van's reputation as police officer specifically his employment prospects with the Town of Harrington Park. The actions referenced above constitute violations of the Federal Civil Rights Act, 42 U.S.C. 1881-1988. The actions further constitute violations of the plaintiff's rights pursuant to the New Jersey State Constitution and the Federal Constitution.

WHEREFORE, plaintiff, Mark Van, demands judgment against the said defendants for

1. Compensatory damages;
2. Sequential damages;
3. Attorneys fees;
4. Punitive damages;
5. Interest;
6. Any other relief which the court deems just and proper.

## SECOND COUNT

1. The plaintiff, Mark Van, realleges the allegations contained in the factual background and First Count as if set forth at length herein.

2. The defendants, Borough of North Haledon, Chief Joseph Ferrante, North Haledon Police Department, Lte. Todd Darby, Det.

9

David Parenta, John Doe 1 (individual holding a political position in the Township of North Haledon who participated in, knowledgeable of, otherwise conspired with the defendant to harass and otherwise violated the civil rights of Mark Van) John Doe 2, John Doe 3, Police Officers within the Township of North Haledon who participated in, was knowledgeable of, and otherwise harassed and/or conspired against Mark Van) John Doe 4, John Doe 5 (within the Township of Harrington Park Police Department who participated in, were knowledgeable of, and otherwise harassed and/or conspired against Mark Van), engaged in a course of conduct commencing in July of 2000 and continuing through December 2004, to defame, and otherwise cause false impressions regarding plaintiff, Mark Van, with the malicious intent of damaging his reputation, with the sole objective of depriving of his right to pursue his occupation as a police officer.  These acts include, but are not limited to, threats made to plaintiff, Mark Van, improper use of process against Mr. Van, defamatory and slanderous comments made to potential employers of Mark Van, and ultimately culminating with the creation of a false investigation into Mark Van.

3.   These actions all constitute violations pursuant to U.S.C. Section 1981-1988 by the actions of the defendants individually, and in their official capacities and in a conspiracy with each other.  These actions also constitute violations of the New Jersey State Constitution and the Federal Constitution.

WHEREFORE, plaintiff, Mark Van, demands judgment against the defendants for

1. Compensatory damages;
2. Consequential damages;
3. Attorneys fees;
4. Punitive damages;
5. Cost of suit;
6. Such other relief the court deems just and equitable.

### THIRD COUNT

1. The plaintiff, Mark Van, realleges the allegations contained in the factual background, First and Second Counts as if set forth at length herein.

2. Defendants, Borough of North Haledon, Chief Joseph Ferrante, North Haledon Police Department, Lte. Todd Darby, Det. David Parenta, John Doe 1 (individual holding a political position in the Township of North Haledon who participated in, knowledgeable of, otherwise conspired with the defendant to harass and otherwise violated the civil rights of Mark Van) John Doe 2, John Doe 3, Police Officers within the Township of North Haledon who participated in, was knowledgeable of, and otherwise harassed and/or conspired against Mark Van) John Doe 4, John Doe 5 (within the Township of Harrington Park Police Department who participated in, were knowledgeable of, and otherwise harassed and/or conspired against Mark Van), during the various time frames asserted in the factual portion of the complaint, uttered

defamatory and slanderous statements to both potential employers of Mark Van, his ultimate employer, the Township of Harrington Park, and various other parties. At the time these defamatory slanderous statements were made, the defendants had full knowledge that the statements were false, and that the parties hearing these defamatory and slanderous statements were published to, would detrimentally impact Mr. Mark Van's reputation and injure the same.

WHEREFORE, plaintiff, Mark Van, demands judgment against the defendants for

1. Compensatory damages;

2. Consequential damages;

3. Attorneys fees;

4. Punitive damages;

5. Cost of suit and interest;

6. Such other relief the court deems just and equitable.

### FOURTH COUNT

1. The plaintiff, Mark Van, realleges the allegations contained in the factual background, First, Second and Third Counts as if set forth at length herein.

2. In regard to all the actions set forth in the factual background of this complaint and First, Second and Third Counts, which were done maliciously and with the intent to inflict emotional distress upon Mark Van.

3. As a consequence of these actions, Mark Van has

suffered severe emotional distress which has resulted in physical sequelaie. These problems have existed in the past and continue to date.

WHEREFORE, plaintiff, Mark Van, demands judgment against the defendants for

1. Compensatory damages;
2. Consequential damages;
3. Attorneys fees;
4. Punitive damages;
5. Cost of suit and interest;
6. Such other relief the court deems just and equitable.

### FIFTH COUNT

1. The plaintiff, Mark Van, realleges the allegations contained in the factual background, First, Second, Third and Fourth Counts as if set forth at length herein.

2. All the actions aforementioned by the defendants were done in such a fashion where it would have been reasonably foreseeable to the defendants that their action would result in mental anguish to plaintiff, Mark Van.

3. These actions by Joseph Ferrante, David Parenta, Todd Darby when acting as agents, servants and employees of defendant, Borough of North Haledon, and in particular the various communication were made to potential employers of Mark Van and to his ultimate employer Township of Harrington Park, was the proximate cause of Mr. Van's suffering emotional anguish and

these actions constituted a negligent infliction of emotional distress which has been the proximate cause of Mark Van suffering various psychological, emotional and physical sequelaie of the same.

WHEREFORE, plaintiff, Mark Van, demands judgment against the defendants for

1. Compensatory damages;
2. Consequential damages;
3. Cost of suit and interest;
4. Such other relief the court deems just and equitable.

### SIXTH COUNT

1. The plaintiff, Mark Van, realleges the allegations contained in the factual background, First, Second, Third, Fourth and Fifth Counts as if set forth at length herein.

2. During all relevant time frames, plaintiff, Mark Van, entered into contractual agreement with the defendant, Borough of North Haledon. These agreements were related to the Township of North Haledon's agreement not to disseminate any negative information regarding Mark Van.

3. Despite the same, various negative information was disseminated regarding Mark Van which was in direct breach of the agreement entered into with the defendant, Borough of North Haledon as a condition of Mr. Mark Van's resignation from their police department.

4. The same constitutes a breach of contractual

14

obligation on the part of the defendant, Borough of North Haledon, which has resulted in damages to the plaintiff.

WHEREFORE, plaintiff, Mark Van, demands judgment against the defendants, Borough of North Haledon and Joseph Ferrante, for

1. Compensatory damages;

2. Consequential damages;

3. Cost of suit and interest;

4. Such other relief the court deems just and equitable.

### SEVENTH COUNT

1. The plaintiff, Mark Van, realleges the allegations contained in the factual background, First, Second, Third, Fourth Fifth and Sixth Counts as if set forth at length herein.

2. During all relevant time frames, plaintiff, Mark Van, based upon his level of competency as a police officer and background had numerous opportunities to pursue his chosen career, being a police officer. These opportunities existed in regard to various potential employers and ultimately the Borough of Harrington Park.

3. Despite having these opportunities, Mr. Van either lost his ability to work for a municipality as a police officer, and ultimately lost his position with the Borough of Harrington Park. Mr. Van lost all the above referenced employment opportunities and actual employment as a result of the wrongful actions of the defendants, Borough of North Haledon, Chief Joseph Ferrante, North Haledon Police Department, Lte. Todd Darby, Det.

David Parenta, John Doe 1 (individual holding a political position in the Township of North Haledon who participated in, knowledgeable of, otherwise conspired with the defendant to harass and otherwise violated the civil rights of Mark Van) John Doe 2, John Doe 3, Police Officers within the Township of North Haledon who participated in, was knowledgeable of, and otherwise harassed and/or conspired against Mark Van) John Doe 4, John Doe 5 (within the Township of Harrington Park Police Department who participated in, were knowledgeable of, and otherwise harassed and/or conspired against Mark Van).

    4.    The actions by the defendants listed above, constituted a tortuous interference with the business relationships that Mr. Van had with various parties. These wrongful actions were both intentional and/or negligent, and was the proximate cause of Mr. Van's losing various business relationships, all causing Mr. Van substantial financial detriment, which continues to present.

WHEREFORE, plaintiff, Mark Van, demands judgment against the defendants, Borough of North Haledon and Joseph Ferrante, for

    1.    Compensatory damages;

    2.    Consequential damages;

    3.    Punitive damages;

    4.    Cost of suit and interest;

    5.    Legal Fees;

    6.    Such other relief the court deems just and equitable.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

### JURY DEMAND

**PLEASE TAKE NOTICE** that plaintiffs demand a trial by jury on all issues so triable herein.

FAUGNO & ASSOCIATES, LLC<br>
Attorney for Defendant<br><br>
By_____<br>
Paul Faugno

Dated: November 23, 2005