Robert L. Podvey, Esq.
Anthony M. Rainone, Esq.
PODVEY, MEANOR, CATENACCI,
HILDNER, COCOZIELLO & CHATTMAN
A Professional Corporation
One Riverfront Plaza, 8th Floor
Newark, NJ 07102
(973) 623-1000
*Attorneys for Defendants Borough of North Haledon,*
*Chief Joseph Ferrante, Lt. Todd Darby, Sgt. Marc Rowe,*
*and Det. David Parenta*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK VAN,<br><br>                               *Plaintiff*,<br>      v.<br><br>BOROUGH OF NORTH HALEDON, CHIEF JOSEPH FERRANTE, LT. TODD DARBY, DET. DAVID PARENTA, JOHN DOE 1 (an individual holding a political position in the Township of North Haledon who participated in, was knowledgeable of, or otherwise conspired with the defendants to harass or otherwise violate the civil rights of Mark Van), JOHN CENTRELLO of the Borough of Dumont Police Department, and OFFICER MARK ROWE of the Borough of North Haledon Police Department,<br><br>                              *Defendants*. | Civil Action No. 05-5595 (JLL)<br><br><br><br><br>**ANSWER TO THE AMENDED COMPLAINT AND SEPARATE DEFENSES** |

In response to the Amended Complaint filed by Plaintiff Mark Van ("Plaintiff"), Defendants Borough of North Haledon ("North Haledon"), Chief Joseph Ferrante ("Ferrante"), Lt. Todd Darby ("Darby"), Sgt. Marc Rowe ("Rowe"), and Det. David Parenta ("Parenta") (collectively, "Defendants"), by and through their attorneys, say:

## INTRODUCTION

The allegations set forth in this unnumbered paragraph are legal conclusions to which no response is required. To the extent any response is required, those allegations are denied.

## PARTIES

1. Admitted only that Plaintiff was employed as a police officer in the Borough of North Haledon. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in this paragraph; those allegations are therefore deemed denied.

2. Admitted only that North Haledon was the employer of Ferrante and that Darby, Rowe, and Parenta are currently employed by North Haledon. All other allegations are denied.

3. Admitted only that Ferrante served as North Haledon's Chief of Police. All other allegations are denied.

4. Admitted only that Darby is employed by North Haledon as a police officer. All other allegations are denied.

5. Admitted only that Parenta is employed by North Haledon as a police officer. All other allegations are denied.

6. Denied.

7. Admitted only that Rowe is employed by North Haledon as a police officer. All other allegations are denied.

8. Denied.

9. Admitted on that Centrello is employed by the Dumont Police Department. All other allegations are denied.

## FACTS

10.     Admitted only that Plaintiff was hired as a police officer by North Haledon on April 21, 1999. All other allegations are denied.

11.     Admitted only that Plaintiff prepared reports about a purported pursuit of a stolen car and that the reports were not consistent with reports filed by Hawthorne police officers. All other allegations are denied.

12.     Admitted only that Plaintiff submitted his resignation and that Plaintiff and North Haledon entered into an agreement, which was memorialized in a Resolution of the North Haledon Borough Council. The Resolution speaks for itself. Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

13.     Admitted only that: North Haledon received a report that someone had been in a New York City nightclub on or about November 22, 2004 and had displayed a North Haledon Police badge and North Haledon Police identification bearing the name "Mark Van"; as part of the investigation, Darby and Parenta went to the Harrington Park Police Department to meet with Plaintiff; upon arriving in the parking lot of the Harrington Park Police Department, Darby and Parenta were approached by Plaintiff; and Darby and Parenta advised Plaintiff that they were conducting an investigation. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations that: after his resignation from the North Haledon Police Department, Plaintiff "made numerous efforts to obtain employment as a police officer but was unable to do so"; Plaintiff was hired by the Borough of Harrington Park Police Department on November 8, 2004; and an anonymous letter regarding Plaintiff was sent to the mayor and other officials of Harrington Park. Those allegations are therefore deemed denied. The remaining allegations set forth in this paragraph are denied.

14. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint; those allegations are therefore deemed denied.

15. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint; those allegations are therefore deemed denied.

16. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint; those allegations are therefore deemed denied.

17. Denied.

18. Denied.

19. Denied.

## FIRST COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set fully herein.

2. This paragraph sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations therein.

3. Denied.

## SECOND COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set fully herein.

2. Denied.

3. Denied.

## THIRD COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set fully herein.

2. Denied.

## FOURTH COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set fully herein.

2. Denied.

3. Denied.

## FIFTH COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set fully herein.

2. Denied.

3. Denied.

## SIXTH COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set fully herein.

2. Admitted only that the agreement speaks for itself.  All other allegations set forth in this paragraph are denied.

3. Denied.

4. Denied.

## SEVENTH COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set forth fully herein.

2. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations set forth in this paragraph; those allegations are therefore deemed denied.

3. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation that Plaintiff was terminated from Harrington Park; that allegation is therefore deemed denied. The remaining allegations set forth in this paragraph of the Complaint are denied.

4. Denied.

## EIGHTH COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set forth fully herein.

2. Defendants admit only that Rowe is employed by North Haledon. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations set forth in this paragraph; those allegations are therefore deemed denied.

3. Denied.

## NINTH COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set forth fully herein.

2. Denied.

3. Denied.

## TENTH COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set forth fully herein.

2. Denied.

3. Denied.

## ELEVENTH COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set forth fully herein.

2. Denied.

## TWELFTH COUNT

1. Defendants repeat their responses to each of the individually numbered paragraphs set forth above, as if set forth fully herein.

2. Denied.

3. Denied.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Defendants acted lawfully and in good faith at all times.

### THIRD SEPARATE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrines of unclean hands, laches, waiver, res judicata, collateral estoppel and/or the law of the case doctrine.

### FOURTH SEPARATE DEFENSE

Plaintiff has brought these proceedings in bad faith.

### FIFTH SEPARATE DEFENSE

Plaintiff's back pay claims are barred and/or reduced by operation of the doctrine of after-acquired evidence.

### SIXTH SEPARATE DEFENSE

Because Defendants acted in good faith and not with intentional or reckless disregard, no punitive damages may be imposed against them.

### SEVENTH SEPARATE DEFENSE

Plaintiff has sustained no emotional distress or other injury by reason of any act or omission of the Defendants.

### EIGHTH SEPARATE DEFENSE

Defendants did not proximately cause Plaintiff to sustain any personal injuries, damages, or other losses.

### NINTH SEPARATE DEFENSE

Plaintiff has sustained no actionable damages.

### TENTH SEPARATE DEFENSE

Plaintiff has failed to take reasonable steps to mitigate his alleged damages.

### ELEVENTH SEPARATE DEFENSE

Defendants did not retaliate against Plaintiff on account of his exercise of any protected right.

### TWELFTH SEPARATE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by his own breach of the agreement between North Haledon and himself.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of consent.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by his failure to exhaust administrative remedies.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims for personal injury are barred by the exclusivity provisions of the New Jersey Workers Compensation Act, *N.J.S.A.* 34:15-8 et seq.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged actionable conduct was engaged in or caused by persons or entities over whom Defendants had no control.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff's damages, if any, were the result of intervening or superseding acts by parties other than Defendants.

### NINETEENTH SEPARATE DEFENSE

Any damages sustained by Plaintiff resulted from his own acts of negligence.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's damages, if any, were caused in whole or in part by his own acts or omissions.

### TWENTY-FIRST SEPARATE DEFENSE

There is a lack of jurisdiction over the subject matter.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff was not deprived of any rights secured by the United States Constitution without due process of law.

### TWENTY-THIRD SEPARATE DEFENSE

Defendants are immune from liability and otherwise entitled to a qualified privilege or immunity.

### TWENTY-FOURTH SEPARATE DEFENSE

The Complaint and/or the relief requested therein is barred, limited and/or controlled by the provisions of the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 *et seq.*

### TWENTY-FIFTH SEPARATE DEFENSE

Defendants assert all defenses and immunities granted under *N.J.S.A.* 59:2-1 *et seq.*, 59:3-1 *et seq.*, 59:5-1 *et seq.* and 42 U.S.C. §1983.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff voluntarily resigned from employment from North Haledon.

### TWENTY-SEVENTH SEPARATE DEFENSE

Any actions taken by Defendants were in the nature of discretionary activity within the meaning of *N.J.S.A.* 59:3-2, and accordingly, no liability may be imposed upon this defendant.

### TWENTY-EIGHTH SEPARATE DEFENSE

Any recovery to which plaintiffs may be entitled against this defendant is subject to limitations and reductions on damages set forth in *N.J.S.A.* 59:9-2.

### TWENTY-NINTH SEPARATE DEFENSE

Plaintiff is not entitled to recover punitive damages against these defendants.

**WHEREFORE,** Defendants demand judgment dismissing each Count of the Amended Complaint and awarding reasonable attorneys' fees, costs of suit, and such other relief as the Court may deem just and equitable.

### JURY DEMAND

Defendants hereby demand a jury on all issues so triable.

Dated: December 30, 2008                    PODVEY, MEANOR, CATENACCI,
                                            HILDNER, COCOZIELLO & CHATTMAN
                                            A Professional Corporation

                                            By:   /s/ Anthony M. Rainone
                                                  Robert L. Podvey
                                                  Anthony M. Rainone

259704